Bradbury, J.
The questions to be determined arise on the pleadings. The plaintiff in error was plaintiff below and interposed in the court of common pleas a demurrer to the answer to the amended petition. The court of common pleas sustained the demurrer on the ground that the answer contained no defense to the action, and rendered a judgment perpetually restraining the treasurer from collecting the taxes complained of. This judgment the circuit court reversed, and thereupon the cause was brought into this court to reverse the judgment of the circuit court and to reinstate that of the court of common pleas.
The first question that confronts us relates to the particular action of the county auditor of which complaint is made. Was it such as the law authorized or not ? To determine this it is necessary to learn what his action was. Did he add to the returns made by the plaintiff in error certain property omitted from those returns, or, being satisfied that all of its taxable property had been returned, but at too low a valuation, did he simply increase that valuation ? Or did he both add omitted property and also increase the valuation of that which had been returned, and when did he act? The amended petition discloses that the county auditor on the ninth day of April, 1892, added to the returns made by plaintiff in error for the years, 1886, 1887, 1888, 1889,1890 and 1891, including a penalty of fifty per cent., the following amounts :
For the year 1886, $938,972.00; for the year 1887, $1,005,111.00; for the year 1888, $1,136,866.00; for the year 1889, $1,151,779.00; for the year 1890, $1,235,468.00; for the year 1891, $524,318.00; and that the taxes resulting from these additions *250 aggregated $60,490.04. The validity of the greater part of this addition depends upon the power or jurisdiction of the county auditor to proceed under section 2781, Revised Statutes. The specific acts of the county auditor upon which these additions rest, do not clearly appear in the record. The amended petition, however, states in respect to this matter as follows :
“The plaintiff further says that the real estate with the improvements thereon and all the moneys, credits, and movable propertj7- of. this plaintiff added thereto were duly listed for taxation as required by section 2744 of the Revised Statutes, and the return thereof made to the auditor of the county for the years 1886, 1887, 1888, 1889, 1890, and 1891, and was in said year 1886, duly valued for ^taxation at $880,864.00, and for the year 1887 said property, moneys, and credits were valued for taxation at $930,861.00, and for the year 1888 at $932,186.67, and for the year 1889 at $1,010,171.08, and for the year 1890 at $1,066,444.92, and for the year 1891 at $1,118,198.30.
The said valuations so fixed for said respective years was the fair and full valuation of said property; and taxes for each of said years were duly assessed thereon for state, county, township, and school purposes, and which the plaintiff has fully paid for each and all of said years. ”
These averments clearly state two things: first, that the plaintiff in error returned to the auditor for the years named all its property; and, second, that it fixed upon such property a full and fair valuation. By reference to tb e answer to the amend ed petition the following paragraph is found:
‘ iAnd said defendant says, that the valuations fixed and returned by said plaintiff for said respec *251 tive years were not fair and full valuations of said property for the reason that all the credits owned and held by said plaintiff were returnable at their full face value and in like manner all money held by said plaintiff were returnable for the full amount so held, and this defendant says that said plaintiff did not return to exceed 50 to 66 per centum of its credits, moneys, and investments in stock and bonds; that under the law it was required to list all such personal property as above mentioned at its full 100 per centum valuation. ”
The answer contains no other matter that bears materially on this question. We think a fair and reasonable construction of the amended petition and answer to it shows that the plaintiff in error had in fact returned to the county auditor for taxation all its property, but that in the opinion of that officer it was valued too low and that the addition he made to the returns of piaintiff in error for the years mentioned simply increased that valuation, without bringing any other property whatever on the tax list.
Plaintiff in error contends that the only authority granted to county auditors to correct tax returns made by corporations of its class is found in section 2744, Revised Statutes. That section in as far as concerns the question before us reads as follows:
“The president, secretary, and principal accounting officer of every * * * insurance company, telegraph company, or other joint stock company, except banking or other corporations whose taxation is specifically provided for * * * shall list for taxation, verified by the oath of the person so listing, all the personal property, which shall be held to include all such real estate as is necessary *252 to the daily operations of the company, moneys and credits of such company or corporation within the state, at the actual value in money, in manner following: In all cases return shall be made to the several auditors of the respective counties where such property made be situated. * * * If the county auditor to whom returns are made is of the opinion that false or incorrect valuations have been made, or that the property of the corporation or association has not been listed at its full value, or that it has not been listed in the location where it properly belongs, or in cases where no return has been made to the county auditor, he is hereby required to proceed to have the same valued and assessed; provided, that nothing in this section shall be so construed as to tax any stock or interest in any joint stock company held by the state.”
The plaintiff in error is an insurance company, created under the laws of this state, and therefore, falls within the class required to make its tax returns un'der the above section (2744). That section clothes a county auditor with general power to correct among other matters any undervaluation of property found by him in returns for taxation made by such corporations under its provisions. The section does not prescribe any period of time within which the correction must be made, but doubtless the authority of a county auditor for that purpose continues during the current year, but as that section contains no language extending its operation beyond the current year, his authority to act under it should be confined to the taxes of the current year. Because of this authority vested in a county auditor under section 2744, supra, defendants in error contend that even *253 if it should he conceded that the county auditor in case under consideration has no jurisdiction over plaintiff in error under section 2781, Revised Statutes, nevertheless, as he in this instance had before him and passed upon, among earlier returns, the return for the current year (i. e., the year during which his action was had) and increased the valuation of the plaintiff in error’s property for that year, and as the answer set forth among other matters this action of the auditor, it disclosed a valid defense to this extent, and the demurrer to it should have been overruled. As to this claim, it should be said that the action of the auditor was had on-April 9, 1892. He had before him the tax returns made by the plaintiff in error for the years 1886, 1887, 1888, 1889, 1890 and 1891. Section 2744 does not expressly prescribe any particular period of time within which a corporation therein mentioned shall make its return to a county auditor. In this respect it is doubtless governed by the provisions of section 2747, Revised Statutes, which requires, generally, that returns shall be made between the second Monday of April and the third Monday of May annually, but as the provisions of section 2744, Revised Statutes, requires county auditors, on or before the first Monday of May annually, to furnish blanks to corporations of this class to which plaintiff in error belongs, on which to make their returns, it follows that the period within which such returns should be made for 1892, if begun, had not expired, at the time action complained of was had by the auditor, April 9, 1892, nor had the last half of the taxes for 1891 become due. Therefore in respect of the taxes of 1891, the current year had not expired, so that any question relating to the valuation of 1891 *254 concerned the taxes for the current year and therefore the county auditor had jurisdiction thereof by virtue of section 2744, Revised Statutes, and it necessarily follows that additions made by him for that year were prima facie valid and that an answer setting forth such additions disclosed a defense pro tanto which could not be successfully attacked by a general demurrer. As the court of common pleas sustained a demurrer to this answer, and the circuit court reversed the judgment, the foregoing considerations are, alone, sufficient to sustain the action of the circuit court.
The plaintiff in error seeks to restrain the county treasurer from collecting the sum of $60, - 490.04, on the ground that the county auditor had, without authority of law, added that amount to the taxes legally assessable against it. Only a small fraction of this sum could have been lawfully imposed by the county auditor under the power which we have seen is conferred on him by section 2744, Revised Statutes. So that the balance, probably exceeding $55,000 of the above sum added by him, depends for its validity on his authority to -act under section 2781, Revised Statutes. If he was not authorized by that section to make the additions, then plaintiff in error is entitled to relief against the imposition of this large balance. It becomes necessary, therefore, to ascertain the authority vested by this section (2781) in countjr auditors over the tax returns of the corporations of the class to which plaintiff in error belongs. It is true not only that a county auditor under section 2744, Revised Statutes, may increase the valuation placed upon its property by a corporation of this class, but that the annual boards of equalization may also *255 pass upon that, question under section 2804, Revised Statutes. The authority granted by the first of these sections to the county auditor and that conferred by the other on annual boards of equalization relate however only to returns for the current year. The remedy against individuals for false returns made by them in preceding years is provided by section 2781. If one exists against corporations of the class to which plaintiff in error belongs, for false returns made by them in preceding years, it must also be found in this section (2781) for none is provided under any other statute. This section reads as follows :
“If any person whose duty it is to list property or make a return thereof for taxation, either to the assessor or county auditor, shall in any year or years make a false return or statement, or shall evade making a return or statement, the county auditor shall for each year, ascertain as near as practicable, the true amount of personal property, moneys, credits and investments that such persons ought to have returned or listed for not exceeding the five years next prior to the year in which the inquiries and corrections provided for in this and the next section are made; and to the amount so ascertained as omitted, for each year he shall add fifty per centum, multiply the omitted sum or sums and (as) increased by said penalty by the rate of taxation belonging to said year or years, and accordingly enter the same on the tax lists in his office, giving a certificate therefor to the county treasurer who shall collect the same as other taxes. ”
The language is “if any person” * * * shall make “a false return or statement.” * * * These words “any person,” plaintiff in error con *256 tends, do not include a corporation, but refer exclusively to natural persons. If notwithstanding the object sought by our statutes that relate to listing property for taxation and the correction of errors in connection therewith any serious doubt should arise as to whether this language “any persons” applied to artificial as well as natural persons or companies, it would be laid at rest by reference to section 2730, Revised Statutes. This last section is the first section found under Title XIII, to which .title section 2781 also belongs. This section (2730) expressly declares that in this title that “words importing the masculine gender shall apply to females also, and the word ‘person’or ‘party’ * * * shall be held to include firms, companies, associations, and corporations.”
We hold, therefore, that section 2781, Revised Statutes, confers upon county auditors the same jurisdiction over the returns of corporations of the class to which plaintiff belongs that it confers over the returns of individuals. The case of Miller, Treasurer, v. Bank, 46 Ohio St., page 424, does not conflict with this view. That case relates to tax returns made by banking institutions for which provision is made by section 2761, Revised Statutes, the terms of which widely differ from those of 2744, and are sufficient in themselves to confer on county auditors ample authority for dealing with the entire subject. If under section 2781, supra, the county auditor had jurisdiction over the returns of the plaintiff in error for the five preceding years, is the fact alone that the corporate property had been returned at too low a valuation sufficient to authorize the imposition of the penalty provided by that section? That is, can an undervaluation be made the predicate of a “false return?” *257 The words of the statute, in as far as they bear upon this question, are as follows:
“If any person whose duty it is to list property or make a return thereof for taxation, either to the assessor or county auditor, shall in any year or years make a false return or statement or shall evade making- a return or statement, the county auditor shall for each year, ascertain as near as practicable, the true amount of personal property, moneys, credits and investments that such person ought to have returned or listed for not exceeding the five years next prior to the year in in which the inquiries and corrections provided for in this and the next section are made.”
There was no attempt made by the plaintiff in error during- any of the years covered by this controversy to evade making a return. Nor does it appear that any of its property was omitted from the returns it in fact made. In this respect its returns could not have been false. If false at all, within the meaning of the statute, it was because the property returned was undervalued. The object of the statute is to distribute the burden of taxation as equally as practicable. A severe penalty is inflicted extending backwards for a period of five years for returns falsely made. Doubtless the purpose of this is not so much to recover a penalty as to secure fair and honest returns of property subject to taxation, and thus impose the burden of supporting the government equally upon all property. It is quite possible however that this burden can be as readily cast off by willfully and knowingly undervaluing property as by concealing its existence. Doubtless when an owner in fact returns for taxation all his property much latitude must be allowed for honest differences of *258 opinion, as to its value. According’ to the doctrine announced by this court in Ratterman, Treasurer, v. Ingalls, 48 Ohio St., 468, to constitute a “ false return” within the meaning of section 2781, supraf ‘ ‘ there must appear if not a design to mislead or deceive on the part of the taxpayer, at least culpable negligence. ’ ’
In this connection it is appropriate to say that where one has returned all his property, for taxation but is charged with undervaluing it, it should be remembered by those charged with the duty of determining’ it to be false or not within the meaning of this section (2781), that the matter is not only one about which honest differences may arise, but that the valuation placed upon the property by its owner is by virtue of other statutory provisions subject to revision by the auditor and annual boards of equalization. However notwithstanding these considerations, that may intervene and render the duties of a county auditor in this regard both delicate and difficult, we think a willful undervaluation placed by an owner on property returned by him for taxation, when fairly established should beheld to constitute a “false return” within the meaning of section 27.81, Revised Statutes, but that a mistake, not “culpable” in respect of its value would not constitute such “false return.”

Judgment affirmed.